IN THE UNITED STATES DISTRICT COURT OF
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SURFSIDE ESTATES II CONDOMINIUM | ) | |
| | ) | |
| | ) | |
| | ) | Case No. 14-cv-3136 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | Jury Demanded |
| GENERAL CASUALTY COMPANY OF | ) | |
| WISCONSIN | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

The Plaintiff, Surfside Estates II Condominium, ("Surfside II"), by its undersigned counsel, for its Complaint against the Defendant, General Casualty Company of Wisconsin, a QBE Company, ("QBE"), states as follows:

## PARTIES

1.     At all relevant times hereto, Plaintiff, Surfside Estates II Condominium, was and is a not-for-profit corporation operating a condominium association located at 1800 – 1874 West S Street and 500 – 630 Lakeside Drive, Lincoln, Lancaster County, Nebraska, 68528. As a result, Surfside II is a citizen of the State of Nebraska.

2.     Defendant, General Casualty Company of Wisconsin, is an insurance company incorporated under the State of Wisconsin, and its principal place of business is located at One General Drive, Sun Prairie, WI 53596.  As a result, General Casualty Company of Wisconsin is a citizen of the State of Wisconsin.

## JURISDICTION AND VENUE

3.      The jurisdiction of the Court is premised upon 28 U.S.C § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

4.      Venue is premised upon 28 U.S.C § 1391, in that the Plaintiff is a resident of this District as defined by 28 U.S.C § 1391 (c) and a substantial part of the events or omissions giving rise to this suit occurred in the District.

## FACTS COMMON TO ALL COUNTS

5.      QBE issued Surfside II, a FlexBiz insurance Policy, with Policy Number CFB0964098 ("the Policy"), to cover Plaintiff's real property (the "Property").  (Surfside II is not in possession of a complete copy of the policy but has requested the same. That portion of the policy which they are in possession of is attached as Exhibit "A.")

6.      The Policy was in full force and effect from August 1, 2012 until August 1, 2013.

7.      Under the Policy, QBE agreed to pay for direct physical loss and damage to covered property.

8.      While the Policy was in full force and effect, Surfside II suffered direct, physical loss of or damage to covered property.

9.      Surfside II promptly and properly made a claim to QBE for benefits, namely the costs to repair, restore and/or replace the damages.

10.      Surfside II substantially complied with all duties required of it under the Policy, including paying all premiums due, exhibiting the property for inspection, and cooperating with the investigation of the loss, or alternatively, has been excused from performance by the acts, representations and/or conduct of Defendant.

## COUNT I: BREACH OF CONTRACT

11.     Surfside II re-alleges paragraphs 1 through 13 as though fully set forth herein as paragraph 14 of Count I.

12.     Pursuant to the Policy, QBE has a contractual obligation to pay the full amount of Surfside II's covered losses, including the costs to repair, restore and/or replace the damages, less applicable deductibles.

13.     QBE made a partial payment to Surfside II in the amount of $86,757.58.

14.     Although requested to do so, QBE has failed, refused and continues to fail and refuse to pay Surfside II for all of its loss and damage to the covered property.

15.     This breach of the Policy was and is the direct and proximate cause of loss to Surfside II in an amount in excess of $75,000.00.

16.     QBE has further breached the Policy by failing to conduct a thorough investigation.

17.     As a direct and proximate result of QBE's breach of the Policy, Surfside II has:

   a.   Suffered and will continue to suffer significant property damage to Surfside II;

   b.   Incurred and will incur in the future costs to repair, restore and/or replace the significant Surfside II property damage;

   c.   Any other expenses incurred as a result of QBE's breach of contract.

**WHEREFORE,** the Plaintiff, **SURFSIDE ESTATES II CONDOMINIUM**, prays this Court enter Judgment in its favor and against Defendant, GENERAL CASUALTY COMPANY OF WISCONSIN, in the amount of $1,011,239.39, and or an amount to be proved at trial plus all general and compensatory damages owed under the Policies, pre-judgment interest and post

judgment interest, fees, costs, and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 44-359, and such other relief as the Court deems appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

The Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

By:    /s/ **Michael L. Childress**
Attorney at Law
Childress Duffy, Ltd.
500 North Dearborn, Suite 1200
Chicago, IL 60654
T - 312-494-0200
F – 312-494-0202
Mchildress@childresslawyers.com
Attorney for Plaintiff