IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SURFSIDE ESTATES II CONDOMINIUM, | ) ) | Case No.: 4:14-CV-3136 |
| Plaintiff, | ) ) | |
| v. | ) ) | **PROTECTIVE ORDER** |
| GENERAL CASUALTY COMPANY OF WISCONSIN, | ) ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Unopposed Motion for a Protective Order. In order to preserve and maintain the confidentiality of certain information, documents and tangible things to be identified and produced in this case by the parties, and with the agreement of the parties, the court enters a protective order as follows:

1. Documents and materials to be produced in this litigation by any party that said party contends constitutes, contains or depicts trade secrets or other confidential research, development or commercial information as contemplated by Fed. R. Civ. P 26(c)(1)(G) may be designated as Protected Documents. The producing party shall designate materials as Protected Documents by stamping or labeling such documents and materials in a manner that does not cover or otherwise obscure any of the content of such materials (e.g., documents shall be stamped or labeled at the top or bottom of the page whenever possible, but not over the text). Except as otherwise indicated in this Order, documents designated as Protected Documents shall be given confidential treatment as set forth below.

2. If any party believes any designation of any material as a Protected Document is not warranted, that party must notify the party that produced such materials, in writing. Any such challenge must be made no later than thirty (30) days after receipt by the objecting party of the materials in question. Within ten (10) days of any such written notice, the parties shall meet and confer in person or by telephone about the challenge and attempt to informally resolve the challenge. If the parties are unsuccessful in attempting to informally

resolve the challenge, no later than thirty (30) days after receipt of the written notice, the party that produced the materials at issue shall file a Motion for Protective Order pursuant to Fed. R. Civ. P. 26(c)(1)(G) for the purpose of determining whether the challenged documents are entitled to the protection of this Order. Any document designated as a Protected Document shall remain protected by this Order for a period of thirty (30) days after the written notice and, if a Motion for Protective Order is filed within the thirty (30) day period, the challenged document shall remain protected until the court enters a ruling on the matter. If no Motion for Protective Order is filed within thirty (30) days of any written notice pursuant to this paragraph, the documents challenged in the written notice shall no longer be protected by this Order.

3. Both the Protected Documents and the information contained therein shall be treated as confidential. Prior written consent of the parties or an Order from this court is required to disclose Protected Documents or information contained therein, except the Protected Documents or information contained therein may be shown, disseminated or disclosed to the following persons for the sole purpose of using said materials for this litigation:
    a. Plaintiff's and Defendants' counsel of record in this case, including other members and employees of counsels' law firm and any other counsel of record associated to assist in the preparation or trial of this case.
    b. The Parties' respective
    c. Experts and consultants retained by the parties for the preparation or trial of this case; and
    d. The court, the court's staff, witnesses and the jury in this case.
4. Before giving access to any of the Protected Documents or the information contained therein, each person described in paragraph 3(b) and 3(c) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing by signing a copy of this Order to be bound by its terms and to submit to the jurisdiction of this court.
5. Within 120 days after final conclusion of all aspects of this litigation, Protected Documents and all copies of same (other than exhibits of record) shall be returned to the party or person that produced such documents or destroyed. The producing party may require an affidavit from the individual that destroyed the Protected Documents to certify their destruction. However, counsel may maintain copies of any Protected Documents deemed necessary for

the preservation of files in accordance with controlling ethical and common law rules. With respect to such documents, counsel shall remain bound by the terms of this Order even after the conclusion of the case.

6. To the extent that Protected Documents or information contained therein are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order and such documents attached to the depositions shall be maintained under seal by the clerk or court reporter. It shall be the responsibility of the party seeking to protect any such documents to notify court reporters (in writing and with a copy of the letter sent to counsel for all parties) of this provision no later than thirty (30) days after the conclusion of any deposition at which Protected Documents or information contained therein are addressed. The failure to timely notify a court reporter of the terms of this paragraph shall constitute a waiver of confidentiality with respect to any Protected Documents used during that deposition.

7. This Protective Order shall not apply to the disclosure of Protected Documents or the information contained therein at the time of trial or court hearing, through the receipt of Protected Documents into evidence, or through the testimony of witnesses. The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the court. These issues may be taken up as a separate matter upon the motion of any of the parties at trial.

8. Protected Documents attached to pleadings filed with the court shall be filed under seal.

9. Nothing in this Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Protected Documents and information contained therein.

10. Inadvertent or unintentional production of documents or information containing information which should have been designated as Protected Documents shall not be deemed a waiver, in whole or in part, of the party's confidentiality claims.

11. Nothing in this Order, and no action taken pursuant to it, shall constitute a waiver, limitation, or other alteration of the obligations and protections provided for the protection of personal private information as set forth in Fed.R.Civ.P. 5.2 or NECivR. 5.0.3.

12. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators,

heirs, legal representatives, assigns, subsidiaries divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED: February 17, 2015.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge